**4**

**F. E. OSTBERN and Nellie R. Ostbern, Also Known as N. R. Ostbern and Mrs. F. E. Ostbern, Appellants, v. W. E. DEAN, as Trustee in Bankruptcy of the Estate of Nellie R. Ostbern, also known as N. R. Ostbern and Mrs. F. E. Ostbern, Appellee.**

Circuit Court of Appeals, Ninth Circuit. April 18, 1927.

No. 5003.

Pierre A. Fontaine and Preston Higgins, both of Oakland, Cal., for appellants.

Dunn, White & Aiken and Carlos G. White, all of Oakland, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The trustee in bankruptcy of the estate of Nellie R. Ostbern brought this suit to have declared void for fraud a transaction of March 16, 1923, by which the bankrupt transferred to her husband, the defendant F. E. Ostbern, her interest in certain personal property and valuable real estate. A default decree quieting title to the same property, entered in favor of F. E. Ostbern against the bankrupt and others on January 23, 1924, also was assailed as being collusive and fraudulent. There was a decree for the trustee as prayed, and the Ostberns appeal.

The property is situate, and the transaction took place, in California. Section 3440 of the Civil Code of that state provides that "every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest. * * *"

It is not questioned that the statute may be invoked and the suit maintained by the trustee, who, under the Bankruptcy Act as amended in 1910 (Comp. St. § 9585 et seq.), has all the attributes of a creditor "armed with process." The only grounds upon which appellants seek a reversal are thus stated in their brief:

"(1) There is no evidence to sustain the holdings, or either of the holdings, contained and set forth in said decree.

"(2) There is not sufficient evidence to sustain the holdings, or either of the holdings, contained and set forth in the said decree."

No substantial questions of law are involved. Admittedly the burden was on the trustee satisfactorily to establish fraudulent intent, but such burden he sustained by an overwhelming weight of evidence. This view we should feel bound to take, were we trying the issue de novo; a fortiori we should not disturb the findings of the trial judge, who heard the witnesses testify.

Decree affirmed, with costs to appellee.